1  **WO**                                                                                          RP

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9

10  Terrance Anthony Alston,                    )
                                                )
11                    Petitioner,               )
                                                )        CV-06-88-TUC-DCB
12              v.                              )
                                                )
13  Dora B. Schriro, et al.,                    )           **O R D E R**
                                                )
14                    Respondents.              )
    _____            )

15

16

17         Terrance Anthony Alston (Petitioner), presently confined in the Morey Unit of the

18  Arizona State Prison Complex - Lewis in Buckeye, Arizona (ASPC-Lewis), filed with the Clerk

19  of the Court on February 21, 2006 a pro se "Petition For Writ Of Habeas Corpus By A Person

20  In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) (Petition).

21  The five dollar ($5.00) filing fee has been paid.

22                                    **PETITION**

23         Named as Respondent in the Petition is Dora B. Schriro, Director of the Arizona

24  Department of Corrections (ADOC).  (Petition at 1).  The Attorney General of the State of

25  Arizona is named as an Additional Respondent.  Id.

26         In his Petition, Petitioner challenges his September 10, 2002 judgment of conviction for

27

28  **TERMPSREF**                                1

attempted molestation of a child, dangerous crime against children, a Class 3 Felony entered in the Pima County Superior Court in matter CR-20020631. (Petition at 1).

The sole ground Petitioner presents in support of his request for habeas relief is that his sentence or conviction violates his rights under the "5th, 6th, & 14th Amendments, Due Process." (Petition at 5).

Petitioner alleges that he presented the issue raised in Ground I to the Arizona Supreme Court in his first post-conviction relief proceeding. (Petition at 5).

A review of the Petition indicates that an answer is required. 28 U.S.C. § 2254(a).

## RULE 41(b) WARNING

Petitioner should take notice that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the Petition and action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) That a copy of the "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant to 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) (Petition) and this Order be SERVED by the Clerk of the Court upon the Respondent and the Additional Respondent Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases;

(2) That Respondents ANSWER the Petition within forty (40) days of the date of service. Respondents shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense.

**TERMPSREF** 2

See <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1140-41 (9th Cir. 2004); <u>see also</u> <u>Morrison v. Mahoney</u>, 399 F.3d 1042, 1045-47 (9th Cir. 2005).  If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases;

(3)     That Petitioner MAY FILE a reply within thirty (30) days from the date of service of the answer;

(4)     That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See Rule 5.4, Local Rules of Civil Procedure (LRCiv).  **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Petitioner**;

(5)     That Petitioner SHALL SERVE upon Respondents, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondents or the counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

(6)     That at all times during the pendency of this action, Petitioner SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Petitioner has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Petitioner shall serve a copy of the notice on all opposing parties.  Failure

**TERMPSREF**                          3

1  to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for

2  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3      DATED this 14th day of March, 2006.

David C. Bury
United States District Judge

28  **TERMPSREF**                           4