WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Terrance Anthony Alston,<br>    Petitioner,<br>v.<br>Dora B. Schriro, et al.,<br>    Respondents. | CV 06-88-TUC-DCB<br><br>**ORDER** |

## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Alston is confined in the Morey Unit of the Arizona State Prison Complex-Buckeye, Arizona, for attempted molestation of a child, a class 3 felony. On February 21, 2006, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, alleging violations of his Fifth, Sixth, and Fourteenth Amendments. Petitioner challenges his conviction and sentence. He alleges that the trial judge improperly denied his motion to withdraw his guilty plea.

The Court denies the Petition for being untimely and procedurally defaulted.

## PROCEDURAL HISTORY

Petitioner was indicted on February 28, 2002, for two counts of child molestation and two counts of continuous sexual abuse of a child. All counts were dangerous crimes against children; the victim was a child under 15 years of age. The Petitioner faced a mandatory prison sentence, if convicted as charged.

On June 7, 2002, Petitioner entered a plea of guilty to an amended Indictment to one count of attempted molestation of a child, a class three felony, a dangerous crime

against a child committed on or about the month of January 2002.  Probation was available for the amended charge.  Subsequently, Petitioner changed his mind about pleading guilty because he maintained that he was innocent.  He argued that he had been coerced into pleading guilty by his attorney, the trial judge, and the lengthy sentence he faced under the original Indictment.  The trial court denied his motion to withdraw from the plea and sentenced him to 25 years probation.  Petitioner's probation was subsequently revoked, and he was sentenced to a 10-year prison term.

Petitioner filed a motion[1] for post-conviction relief under Arizona Rules of Criminal Procedure, Rule 32, claiming that the trial court violated Rule 17.5 of the Arizona Rules of Criminal Procedure, which governs a motion to withdraw a guilty plea. Defendant argued that the court in its discretion should allow withdrawal of the plea of guilty because it was necessary to correct a manifest injustice.  Ariz. R. Crim. P. 17.5. Defendant argued that the court's discretion to grant his motion should have been liberally exercised to permit withdrawal where there was any showing that justice would be served.  *State v. Gibbs*, 435 P.2d 729 (Ariz. 1967); *State v. Franklin*, 409 P.2d 573 (Ariz. 1966); *State v. Dockery*, 821 P.2d 188 (App. Ariz. 1991).  Any doubt should be resolved in favor of withdrawing the plea, *State v. Wilson*, 390 P.2d 903 (Ariz. 1964); *Dockery, supra.*, especially when the attempt to withdraw is timely.  *State v. Williams*, 489 P.2d 231 (Ariz. 1971).

Defendant asserted that he was innocent and had been scared into pleading guilty because of the serious penalties attending the charges.  He argued that he had an objective reason to reevaluate his guilty plea because the victim witness' credibility became questionable in light of developments occurring after his plea.  *See Duran v. Superior Court in and for Maricopa County*, 782 P.2d 324 (Ariz. 1989) (child victim's recanting and then retracting recantation was objective reason for defendant to withdraw plea).

---

[1](Answer at Ex. B: Petition for Post-conviction Relief filed March 28, 2003.)

The defendant also argued that the Plea Agreement failed to specify that he could not withdraw his plea, and the trial court erred by failing to inform him that he could not withdraw his plea at the plea hearing. The trial court should have considered these omissions when deciding his request to withdraw his plea. *State v. Richardson*, 857 P.2d 388 (Ariz. App. 1993); *State v. Romers*, 766 P.2d 623 (Ariz. App. 1988).

On May 22, 2003, the trial court denied the Rule 32 motion for post-conviction relief because there were no facts to support a finding of manifest injustice and because nothing had changed in the case since defendant's admission that he attempted to touch his stepdaughter and admitted that he touched her vagina with his hand. (Answer at Ex. C: Minute Entry.) Petitioner appealed. The Arizona Court of Appeals recognized that the potential consequences of an adverse trial verdict undoubtedly placed enormous pressure on him to enter a guilty plea and provide a factual basis in support of the plea, but it could not say that the trial court's rejection of defendant's request to withdraw his plea was unreasonable. The appellate court found that the trial court had applied the correct legal standards and come to "one reasonable" conclusion in light of those standards. (Answer at Ex. A: Decision Order at 2.) The mandate issued October 21, 2004. Petitioner filed a late request for review with the Arizona Supreme Court, which was denied on February 10, 2005. Petitioner filed his federal habeas Petition on February 20, 2006.

The Respondent asserts that it is time barred by a one year statute of limitations because the deadline for filing the federal habeas petition began to run on October 21, 2004, which was when the court of appeals issued the mandate denying the Rule 32 motion. Alternatively, Respondent argues that the one year statute of limitation ran from February 10, 2005, the date the Arizona Supreme Court denied the late request for review of the of the Rule 32 post-conviction motion.

Respondent further asserts that in the event the Petition is not dismissed as untimely, it is procedurally barred for failure to exhaust state remedies.

WRIT OF HABEAS CORPUS: 28 U.S.C. § 2254

A writ of habeas corpus is available to "a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petition is a mechanism to test the constitutional validity of a criminal conviction. *Waley v. Johnson*, 316 U.S. 101, 104-105 (1942) (per curium). The writ of habeas corpus protects individuals from unconstitutional convictions and protects the integrity of the criminal process by assuring that trials are fundamentally fair. *O'Neil v. McAninch*, 513 U.S. 432, 442 (1995).

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), "to restrict the availability of habeas corpus relief," *Greenawalt v. Stewart*, 105 F.3d 1268, 12751 (9th Cir. 1997), specifically as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

"The [AEDPA] worked substantial changes to the law of habeas corpus." *Moore v. Calderon*, 108 F.3d 261, 263 (9th Cir.). Historically, federal habeas corpus review was de novo. *Wright v. West*, 505 U.S. 277, 299-304 (1992) (O'Connor, J., concurring). Under the AEDPA, de novo review is no longer appropriate, and the federal courts defer to the factual findings of the state courts, presuming them to be correct. 28 U.S.C. § 2254(d).

A writ only issues if the federal reviewing court has a firm conviction that the state court committed clear error in its application of Supreme Court precedent. *Van Tran v. Lindsey*, 212 F.3d 1143, 1153-54, 1157 (9th Cir. 2000). It is not enough that the state court erroneously or incorrectly applied clearly established Supreme Court precedent, "rather the application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). In other words, a Petitioner will not prevail even if he has the better of two reasonable legal arguments; a writ will issue only if this Court has *a firm conviction* that one answer, the one proposed by Petitioner and rejected by the state court, was correct and the other, the one adopted by the state court was erroneous. *Shackleford v. Hubbard*, 234 F.3d 1072, 1077 (9th Cir. 2000) (citing *Van Tran*, 212 F.3d at 1153-54).

The AEDPA imposed, for the first time, a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1).[2] "A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

The procedural posture of a Petition is important because 28 U.S.C. § 2254(b) provides for the presentation of claims of constitutional magnitude to the district courts as follows:

> (1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of State court shall not be granted unless it appears that–(a) the applicant has exhausted the remedies available in the courts of the State; or (b) (i) there is an absence of available State corrective process; or . . .
>
> (2) An applicant for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available to the courts of the State.

---

[2] Section 2244(d) provides, in pertinent part: A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

(3) A State shall not be deemed to have waived the exhaustion requirements or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

/////

## AEDPA: 1-Year Statute of Limitations

The Petition was filed after the AEDPA's effective date, April 24, 1996, so the provisions of the Act apply to this case. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (*citing Smith v. Robbins,* 528 U.S. 259, 268 n.3 (2000)). The limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, whichever comes latest. *Id.* For purpose of calculating when the clock starts running for the one-year statute of limitations period, the conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of conviction, which is 90 days. *Clay v. United States*, 123 S. Ct. 1072, 1074 (2003) (conviction becomes final 90 days later, when the time for filing a petition for writ of certiorari expires); *see Bowen v. Roe*, 118 F.3d 1157, 1159 (9th Cir. 1999) (period of direct review includes the period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court whether or not such a petition is filed).

Here, Petitioner was not entitled to file a direct appeal because he pled guilty, expressly waiving any right to direct review. The one-year limitation period, therefore, began when he was convicted and sentenced in September 2002.

The running of the statute of limitations is tolled for any period of time during which a properly filed application for state post-conviction review is pending and continues to toll while a Petitioner appeals the denial of a state application in state court. *Welch v. Newland*, 267 F.3d 1013, 1016-1018 (9th Cir. 2001). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or

other collateral review . . . is pending shall not be counted toward any period of limitation."[3]

The Supreme Court interpreted this statutory tolling provision as covering the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. *Carey v. Saffold*, 536 U.S. 214 (2002). The Court held that the definition of "pending," within the context of 2244(d)(2), "means that an application is pending as long as the ordinary state collateral review process is "in continuance" – i.e., "until the completion of" that process." *Id.* at 220. "In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.*

The Court explained that any other definition would defeat the important principle of exhaustion codified in the AEDPA, 28 U.S.C. § 2254(c), that a federal habeas petitioner must exhaust his state remedies as long as he has "the right under [state] law . . . to raise" in the State, "by any available procedure, the question presented." *Id.* Any other interpretation would require state prisoners to file federal habeas petitions before the State completes a full round of collateral review. *Id.* Thus, federal courts would be faced with habeas petitions that are in one sense unlawful (because the claims have not been exhausted) but in another sense required by law (because they would otherwise be barred by the 1-year statute of limitations). *Id.*

"The issuance of the mandate provides a 'bright-line' event to count from; and in counting time, a bright-line rule serves all." *Id.*; *see also Barrow v. El Dorado Lodge, Inc.*, 254 P.2d 1027, 1028-29 (Ariz. 1953) ("[T]he time for the performance of such condition commences to run from the time the appellate court's judgment or order

---

[3]In addition to statutory tolling, the time period for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a petitioner's control make it impossible to file a petition on time. *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002). Petitioner has not presented any argument for equitable tolling.

becomes effective, viz.: under our practice, the date of issuance of the mandate."); *Lindus v. Northern Insurance Company of New York*, 438 P.2d 311, 313 (Ariz. 1968) (en banc) ("Where the interests of justice outweigh the interest in bringing litigation to an end the court should recall the mandate."); *State v. Sepulveda*, 32 P.3d 1085, 1086 n.2 (Ariz. App. 2001) ("A conviction becomes final upon the issuance of the mandate affirming the conviction on direct appeal and the expiration of the time for seeking certiorari in the United States Supreme Court.")[4]; *State v. Dalglish*, 901 P.2d 1218, 1220 (Ariz. App. 1995) ("We conclude that Petitioner's case was final on ... the date the Arizona Supreme court issued its mandate."); *State v. Jones*, 897 P.2d 734, 735-36 (Ariz. App. 1995) ("It is true that, in cases where there is an appeal pending, the final deadline [to file for post-conviction relief] will be unknown until the appeal is resolved and the mandate has issued."); and *Owen v. Shores*, 537 P.2d 978, 981 (Ariz. App. 1975) ("There was still the necessity for issuance of the Court's mandate, and for the trial court to take the necessary action to enforce the mandate . . . .")

Accordingly, Petitioner's application for post-conviction relief was "pending" in the Arizona state courts until the day the Arizona Court of Appeals issued its mandate, October 21, 2004. The one-year statute of limitations bars the Petition filed on February 21, 2006. The only possible argument for tolling would be the time period during which Petitioner made his untimely request for review to the Arizona Supreme Court. Even then, the Petition filed on February 21, 2006, would be over one-year from the Supreme Court's February 10, 2005, denial of the late request for review.

<u>AEDPA: Exhaustion and Procedural Default</u>

---

[4]As the Ninth Circuit has noted, "[a] petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review." *White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002). Since under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled only during pending *state* post-conviction proceedings, Petitioner was not entitled to the additional time allotted to seek certiorari.

Before a federal district court may consider a state prisoner's application for relief under 28 U.S.C. 2254, the prisoner must have exhausted, in state court, every claim raised in his petition. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To properly exhaust remedies, the prisoner must have afforded the state courts the opportunity to rule on the merits of his *federal constitutional claim by fairly presenting*[5] the claim to the state courts in a procedurally appropriate manner. *Id.* at 351-52; *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

State prisoners, except those sentenced to death or life imprisonment, exhaust state court remedies by presenting their claims to the Arizona Court of Appeals. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). "If state remedies have not been exhausted, a district court is directed to provide the habeas petitioner "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).[6]

---

[5] It is not enough that all the facts necessary to support the federal claim are presented or that a "somewhat similar" state law claim was raised. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). Nor is reference to broad constitutional principles, such as due process, equal protection, or the right to a fair trial, sufficient to establish fair presentation of a federal constitutional claim. *See e.g., Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Hiivala*, 195 F.3d at 1106. "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Id.* at 987 (*quoting Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)). Citing a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue. *Petersen v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

[6] A "mixed" Petition with exhausted and unexhausted claims may be held in abeyance until state claims are exhausted, so that subsequently the prisoner may file an amended habeas petition inclusive of all his claims. *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 986-88 (9th Cir. 1998); *Anthony v. Cambra*, 236 F.3d 568, 573 (9th Cir. 2000); *Rose,* 455 U.S. at 510.

9

If a federal constitutional claim can no longer be raised because of a failure to follow the state's prescribed procedure for presenting such an issue the claim is "technically" exhausted but procedurally defaulted because Petitioner failed to present the claim to the state's highest court in a procedurally proper manner. *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (*quoting Calderon*, 96 F.3d at 1129 (*quoting Thompson*, 501 U.S. at 729-30)); *White v. Lewis,* 874 F.2d 599, 602-03 (9th Cir. 1989).  In other words, the procedural default doctrine bars an action when a prisoner has not presented a claim in state court, but pursuant to the state court's procedural rules, there are no currently available state court remedies or procedures to obtain review of the claim. *Teague v. Lane,* 489 U.S. 288, 297-99 (1989); *Engle v. Isaac,* 456 U.S. 107, 125 n.8 (1982); *White,* 874 F.2d at 602.  Procedural default precludes *federal review of the claim* unless the prisoner can demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." *Teague*, 489 U.S. at 298; *Hughes v. Idaho State Board of Corrections*, 900 F.2d 904, 907-08 (9th Cir. 1986).

To demonstrate cause, a state prisoner must show that some objective factor external to the prisoner or his counsel impeded efforts to comply with the state's procedural rules. *Murray v. Carrier,* 477 U.S. 478, 488 (1977); *Hughes,* 900 F.2d at 908-09.  To show prejudice, the prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982).  To establish a fundamental miscarriage of justice, a state prisoner must establish by clear and convincing evidence that no reasonable juror could find him guilty of the offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Here, the Petitioner's Rule 32 motion to set aside his conviction and sentence challenged the trial court's refusal to allow him to withdraw his guilty plea based solely on state law.  Petitioner alleges that the trial court violated his constitutional rights for the

10

1  first time in his federal habeas Petition.  He is now procedurally barred from presenting
2  these claims in the state courts under Ariz. R. Crim. P. 32.2(a)(3) because they have been
3  waived by his failure to included them in his Rule 32 motion.

4      There being no available state remedy, dismissal without prejudice to allow
5  Petitioner to raise these claims in the state courts would be pointless.  Because Petitioner
6  has no available remedy in the state courts, his constitutional claims are technically
7  exhausted, but have been procedurally defaulted.  Petitioner can not demonstrate "cause
8  and prejudice" or "fundamental miscarriage of justice."  He was represented by counsel
9  in his Motion to Withdraw, his Rule 32 motion, and his appeal.  In all instances,
10 Petitioner argued that he was innocent, and agreed to plead guilty to one count of
11 attempted child molestation because he was afraid of the lengthy sentence he faced if
12 convicted for the multi-counts of child molestation and sexual abuse charged in the
13 original Indictment.  This fails to state a constitutional claim, which appears to be the
14 reason for not alleging such a violation in the Rule 32 motion.  Furthermore, this Court
15 finds no prejudice nor any fundamental miscarriage of justice because the Petitioner
16 received the benefit of his plea by being sentenced to probation when he would otherwise
17 have faced a prison term.   The Petition is procedurally defaulted and must be dismissed
18 by this Court.

19      **Accordingly,**

20      **IT IS ORDERED** that the Habeas Petition (document 1) is DENIED on the
21 merits.

22      **IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss this
23 action with prejudice and enter judgment accordingly.

24      DATED this 31st day of October, 2006.

David C. Bury
United States District Judge